**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

TRAVELERS CASUALTY AND SURETY )
COMPANY OF AMERICA )
                                  )
                 Plaintiff, )
                                  )           Civil Action No. ___1:18cv940___ (TSE/IDD)
                                  )
           v. )
                                  )
JBM FINANCIAL SERVICES, LLC d/b/a JBM )
FINANCIAL GROUP, JOSE BENJAMIN )
MANLAPAZ, and INFANT CHILD )
& ADOLESCENT CLINIC, INC. )
                                  )
          Defendants. )

**COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT**

Travelers Casualty and Surety Company of America ("Travelers"), by its undersigned attorneys, for its Complaint for Rescission and Declaratory Judgment against JBM Financial Services, LLC d/b/a JBM Financial Group ("JBM"), Jose Benjamin Manlapaz ("Manlapaz"), and Infant Child & Adolescent Clinic, Inc. ("ICACI"), states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for (1) rescission of an insurance policy that Travelers issued to JBM and (2) declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Specifically, Travelers seeks to rescind the insurance policy on the basis of material misrepresentations, omissions, concealment of facts, and incorrect statements in JBM's written application for the policy.  Travelers further seeks a declaration that it has no duty or obligation to defend or indemnify JBM or Manlapaz in connection with a liability claim made against them by ICACI.

1

## PARTIES

2.      Travelers is an insurance company incorporated under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut. Travelers, therefore, is a citizen of Connecticut.

3.      Manlapaz is an individual who is domiciled in Virginia. Manlapaz is therefore a citizen of Virginia.

4.      JBM is a limited liability company organized under the laws of Virginia and Manlapaz is its sole member.  As Manlapaz is domiciled in Virginia, and therefore a citizen of Virginia, JBM is a citizen of Virginia.

5.      ICACI is a corporation incorporated under the laws of Virginia and has its principal place of business in Alexandria, Virginia. ICACI, therefore, is a citizen of Virginia.

## JURISDICTION AND VENUE

6.      Federal subject matter jurisdiction exists in this action pursuant to 28 U.S.C. § 1332, because it is an action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to Travelers' claim for rescission and declaratory relief occurred in this district.

## THE APPLICATION FOR PROFESSIONAL LIABILITY

8.      Manlapaz, on behalf of JBM, submitted a 1st Choice+ Accountants Professional Liability Coverage Small Accounting Firm Application ("the "Application") to Travelers, dated January 25, 2017. A true and correct copy of the Application is attached to this Complaint as **Exhibit 1** and is incorporated by reference.

9.      In the Application, Manlapaz answered "No" to the following three questions:

8.      Do you have more than one office location?

***

20.     Have you or any member of your firm ever had their accounting license suspended or revoked or been subject to any kind of professional investigation or disciplinary action by any regulatory entity or accounting professional body, or been indicted for, or convicted of a felony, or paid any criminal or civil penalty or fine (including a tax preparer's fine) in connection with your professional services.

***

22.     Does any accountant for whom coverage is sought know of any incident, act, error, or omission that could result in a claim or suit against your firm or any predecessor firm or any of the current or former members of the firm? *If yes, please complete the **Claim, Suit, or Incident Supplement** for each claim or incident.*

***

10.     Immediately above Manlapaz' s signature, the Application states, in relevant part, as follows:

The undersigned authorized representative of the firm, or individual if this application is for an individual, agrees to all of the following:

- The statements and representations made in this application are true and complete and will be deemed material to the acceptance of the risk assumed by Travelers in the event an insurance policy is issued.

- If the information supplied in this application changes between the date of the application and the effective date of any insurance policy issued by Travelers in response to this application, you will immediately notify us of such changes, and we may withdraw or modify any outstanding quotation or agreement to bind coverage.

## THE INSURANCE POLICY

11.     In reliance on the Application, Travelers issued a 1st Choice+ Accountants

Professional Liability Coverage Policy to JBM under Policy No. 106682086 (the "Policy") with

3

a policy period of February 4, 2017 to February 4, 2018. A true and correct copy of the Policy is attached to this Complaint as **Exhibit 2** and is incorporated by reference.

12.     The Declarations included in the Policy list the Named Insured as JBM Financial Services, LLC dba JBM Financial Group.

13.     The Policy's limits of liability are $1,000,000 for each **Claim**[1], not to exceed $1,000,000 for all **Claims**.

14.     The Policy's Insuring Agreement states, in relevant part, as follows:

> The Company will pay on behalf of the **Insured**, **Damages** for any **Claim** first made during the **Policy Period**, or any extended reporting period that applies, that is caused by a **Wrongful Act** committed on or after any applicable Retroactive Date set forth in ITEM 5 of the Declarations, provided that no **Principal Insured** on the Knowledge Date set forth in ITEM 5 of the Declarations had any basis to believe that such **Wrongful Act** might reasonably be expected to be the basis of a Claim.

15.     The Policy's Terms and Conditions state, among other things:

> The Company has the right and duty to defend any **Claim** covered by this policy, even if the allegations are groundless, false or fraudulent, including the right to select defense counsel with respect to such **Claim**; provided that the Company is not obligated to defend or to continue to defend any **Claim** after the applicable Professional Liability Coverage Limits are exhausted by payment of **Damages**.

16.     The Policy contains the following definitions, among others:

> B.     *Claim* means:
>
> 1.     a demand for money or services;
> 2.     a civil proceeding commenced by service of a complaint or similar pleading; or
> 3.     A written request to toll or waive a statute of limitations relating to a potential civil or administrative proceeding,
>
> against any **Insured** for a **Wrongful Act**.
>
> A **Claim** will be deemed to be made on the earliest date such notice thereof is received by any **Principal Insured**.

---

[1] Terms appearing in bold text are defined in the Policy.

***

F.    *Defense Expenses* means reasonable and necessary fees, costs and expenses, incurred by the Company, or by the **Insured** with the Company's written consent, that result directly form the investigation, defense, settlement or appeal of a specific **Claim**, provided that **Defense Expenses** do not include any payments made pursuant to section II. SUPPLEMENTARY PAYMENTS of the **Professional Liability Coverage**.

***

AA.    *Related Wrongful Acts* means **Wrongful Acts** which are logically or causally connected by reason of any fact, circumstance, situation, transaction, event, or decision.

All **Related Wrongful Acts** are a single **Wrongful Act**, and all **Related Wrongful Acts** will be deemed to have been committed at the time the first of such **Related Wrongful Acts** was committed whether prior to or during the **Policy Period**.

***

BB.    *Wrongful Act* means any:

1.    actual or alleged act, error, omission, or **Personal Injury Offense** in the rendering of, or failure to render, **Professional Services**; or

2.    **Network and Information Security Offense**,

by the **Named Insured** or any **Predecessor Firm**, or by any other **Insured** while acting within the scope of their duties on behalf of the **Named Insured** or any **Predecessor Firm**.

## THE MANLAPAZ CRIMINAL CASE

17.    Manlapaz was the subject of a criminal indictment filed on May 25, 2017 (the "Indictment"), in the Eastern District of Virginia, entitled *USA v. Manlapaz*, Case No. 1:17-CR-115 (the "Manlapaz Criminal Case"). A superseding indictment containing additional allegations was filed against Manlapaz and others on March 15, 2018 (the "Superseding Indictment"). True and correct copies of the Indictment and Superseding Indictment are attached to this Complaint as **Exhibits 3 and 4**, respectively, and are incorporated by reference.

18.     In the Superseding Indictment, Manlapaz was charged with 27 counts for aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2), one count for conspiracy in violation of 18 U.S.C. § 371, one count for mail fraud in violation of 18 U.S.C. § 1341, and five counts for wire fraud in violation of 18 U.S.C. § 1343.

19.     On June 20, 2018, a jury in the *USA v. Manlapaz* case found Manlapaz guilty on all counts of the Superseding Indictment.  A true and correct copy of the Jury Verdict entered in the Manlapaz Criminal Case is attached to this Complaint as **Exhibit 5**.

## COUNT I
### (Rescission of Policy)

20.     Travelers realleges paragraphs 1-19 above as if set forth fully in this paragraph 20.

21.     In completing the Application, Manlapaz stated in response to question 8 that JBM did not have more than one office location.  However, at that time, JBM operated offices in Falls Church, Virginia and the Philippines.  Consequently, Manlapaz's statement in response to Application question 8 was untrue.

22.     In completing the Application, Manlapaz stated in response to question number 20 that he was never the subject of any kind of professional investigation or disciplinary action by any regulatory entity.  However, at the time Manlapaz signed the Application, he was aware that he was the target of an ongoing investigation, by the Internal Revenue Service and U.S. Attorney's Office, into his conduct in the performance of his business as a tax return preparer.  Consequently, Manlapaz's statement in response to Application question number 20 was untrue.

23.     In completing the Application, Manlapaz stated that he did not have knowledge of any incident, act, error or omission that could result in a claim or suit against JBM or its employees.  However, as established by the guilty verdict entered in the Manlapaz Criminal Case

on June 20, 2018, Manlapaz knew he had engaged in numerous wrongful acts in the course of providing tax return preparation services for many clients, which are incidents and acts that could result in a claim against JBM or its employees.  Consequently, Manlapaz's statement in response to Application question number 22 was untrue.

24.    Manlapaz' s misrepresentations, omissions, concealment of facts, or incorrect statements described in paragraphs 21-23 above materially affected Travelers' acceptance of risk and/or the hazard that Travelers assumed.

25.    Had Travelers been informed that JBM had a foreign office in the Philippines, Travelers would not have issued the Policy.

26.    Had Travelers been informed that from at least 2016 through 2017, Manlapaz was the subject of an investigation by the IRS and U.S. Attorney's Office for acts connected with his professional services, Travelers would not have issued the Policy.

27.    Had Travelers been informed that Manlapaz engaged in numerous criminal and fraudulent acts in the preparation of JBM's clients' tax returns, Travelers would not have issued the Policy.

28.    As a result of the material misrepresentations, omissions, concealment of facts, or incorrect statements in connection with the Application, the Court should rescind the Policy and declare it void as of its inception.

29.    Travelers has tendered to JBM all amounts paid as premium for the Policy.

WHEREFORE, Travelers respectfully requests that the Court enter a judgment:

    a.    Declaring the Policy void as of its inception;

    b.    Rescinding the Policy;

7

c.   Declaring that Travelers has no duty under the Policy to defend or indemnify JBM, Manlapaz or any other person against any **Claim**; and

d.   Granting such other relief as the Court may deem just and proper.

## COUNT II
### (Declaratory Judgment: No Duty to Defend and Indemnity)

30.   Travelers realleges paragraphs 1-19 above as if set forth fully in this paragraph 30.

31.   In December 2017, ICACI made a professional liability claim against JBM (the "ICACI Claim").

32.   In the ICACI Claim, ICACI asserts that JBM provided professional services to ICACI between 2008 and 2016 and that JBM was negligent in the performance of its services, beginning in 2008 and continuing through 2016.

33.   ICACI claims it incurred the following damages as a result of JBM's negligence: (1) damages resulting from corrective contributions required for eligible employees, totaling $60,205.68; (2) excess contributions for business owners, totaling $281,330.25; and (3) damages resulting from excised tax deductions, totaling $60,313.43.  ICACI therefore claims damages in excess of $401,849.36 and asserts that JBM is liable for those damages.

34.   ICACI notified Travelers regarding the ICACI Claim and sought Travelers' acknowledgment of coverage for the ICACI Claim.

35.   Travelers has no duty or obligation under the Policy to defend or indemnify JBM, Manlapaz or any other person in connection with the ICACI Claim because all of the **Wrongful Acts** alleged in the ICACI Claim are **Related Wrongful Acts** and they are deemed to be a single **Wrongful Act** committed before the Policy's February 4, 2011 Retroactive Date.

8

36.     An actual controversy exists between Travelers and the defendants with respect to Traveler's obligations for the ICACI Claim, requiring the Court to issue a declaration of the parties' rights and obligations.

37.     Travelers has no adequate remedy at law.

WHEREFORE, Travelers respectfully requests that the Court adjudicate and declare the rights of the parties, and that the Court:

a.     Declare that the Policy does not provide coverage for the ICACI Claim;

b.     Declare that Travelers has no obligation to defend JBM, Manlapaz or any other person  in connection with the ICACI Claim;

c.     Declare that Travelers has no obligation to indemnify JBM, Manlapaz or any other person in connection with the ICACI Claim; and

d.     Grant such other relief as the Court may deem just and proper.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

*/s/ Michael E. Barnsback*
Michael E. Barnsback (VSB No. 33113)
O'HAGAN MEYER, PLLC
2560 Huntington Avenue, Suite 204
Alexandria, VA 22303
(703) 775-8601
mbarnsback@ohaganmeyer.com
*Counsel for Travelers Casualty and Surety Company of America*